UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HERBERT NATHANIEL DEATON,<br><br>                Plaintiff,<br><br>    v.<br><br>JOSE DIAZ, et al.,<br><br>                Defendants. | Case No.  24-cv-04328-VKD<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; GRANTING LEAVE TO AMEND** |

Pro se plaintiff Herbert N. Deaton, a pretrial detainee,[1] filed a complaint under 42 U.S.C. § 1983 against staff at San Francisco County Jail #3. Dkt. No. 1.[2] Mr. Deaton's motion for leave to proceed *in forma pauperis* has already been granted. Dkt. Nos. 2, 7.

## I.  BACKGROUND

The following facts are based on the allegations in Mr. Deaton's complaint.

Mr. Deaton is currently confined at the San Francisco County Jail #3 ("Jail"), where the events in question took place. Dkt. No. 1 at 2. He names the following as defendants: Jose Diaz, Aramark Food Director; Captain James Quanico, Facility Commander; and the City and County of San Francisco. *Id.*

Mr. Deaton says that since April 6, 2024, his "medically approved facility ordered soy/gluten free diet" was improperly prepared or not provided to him. *Id.* Mr. Deaton says he had been denied 82 proper meals as of the date he filed the complaint, and that he continues to be

---

[1] *See* https://sfsheriff.com/find-person-jail

[2] Mr. Deaton filed another "complaint" on September 10, 2024, to identify James Quanico as a defendant in this action. Dkt. No. 6 at 2.

1  denied proper meals.  *Id.* at 2-3.  He filed grievances which were ignored for more than two

2  months and asserts that he therefore exhausted grievance procedures.  *Id.* at 3.  Mr. Deaton was

3  repeatedly told by Jail staff that Aramark is responsible for feeding detainees and that it is not the

4  Jail's "job" to feed him.  *Id.*  Mr. Deaton states that Mr. Diaz informed one of the Jail staff that "he

5  would not comply with [Mr. Deaton's] diet order [because he is] a 'piece of shit, lying criminal.'"

6  *Id.*  Mr. Deaton claims that this action was "against policy violating [his] Title 15 and prisoner's

7  civil rights for a meal."  *Id.*  He seeks compensation for the denial of "medical diet compliant

8  meals" and on 30 occasions, "any meal at all."  *Id.*

## II. LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  A court must dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  In conducting its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed, particularly in civil rights cases.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. DISCUSSION

Pretrial detainees may not be punished before an adjudication of guilt.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Thus, when a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the due process

United States District Court
Northern District of California

clause of the Fourteenth Amendment. *Id.* at 535 n.16. A condition of pretrial detention is punishment if (1) it causes the detainee to suffer some "harm" or "disability," and (2) its purpose is to punish the detainee. *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing *Bell*, 441 U.S. at 538). Under the first prong, the harm in question must "significantly exceed, or be independent of, the inherent discomforts of confinement." *Id.* at 1030 (citing *Bell*, 441 U.S. at 537). And under the second prong, the condition in question must be incidental to a legitimate government purpose. *Id.* at 1030-31 (citing *Bell*, 441 U.S. at 538, 539). Punitive intent may be inferred if there is no rational relationship to a legitimate non-punitive government purpose, or if the condition is "excessive" in relation to its stated purpose. *Houston v. Maricopa County, Arizona,* 116 F.4th 935, 940 n.4 & 941 (9th Cir. 2024) (citing *Bell*, 441 U.S. at 538-39).

As a pretrial detainee, Mr. Deaton's allegations that he was denied meals that complied with certain dietary requirements and/or was denied any meal at all on some occasions implicate his substantive due process rights under the Fourteenth Amendment. Food is among the "basic human needs" to which a detainee is entitled under the Fourteenth Amendment. *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 200 (1989). The complaint plausibly alleges that Mr. Deaton was arbitrarily or deliberately denied adequate food in the absence of any legitimate governmental objective, and that he was harmed thereby. Such a claim may proceed against Mr. Diaz, assuming Mr. Diaz was acting under color of state law. However, the claim may not proceed against the other named defendants, Captain Quanico and the City and County of San Francisco, because it contains no specific factual allegations against them.

To the extent Mr. Deaton attempts to hold Captain Quanico liable as a supervisor, Captain Quanico cannot be held liable solely on the theory that, as a supervisor, he is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). Rather, a supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Mr. Deaton shall be granted leave to file an amended complaint so that he has an

1  opportunity to allege facts sufficient to state a claim against Captain Quanico as a supervisor.

2  With regard to the City and County of San Francisco, it appears that Mr. Deaton may be
3  attempting to assert a claim for municipal liability. *See Monell v. Department of Social Services*,
4  436 U.S. 658, 694 (1978). In order to establish municipal liability, a plaintiff must show that a
5  "policy or custom" led to the plaintiff's injury. *Castro v. County of Los Angeles*, 833 F.3d 1060,
6  1073 (9th Cir. 2016) (quoting *Monell*, 436 U.S. at 694). In addition, a plaintiff must demonstrate
7  that the policy or custom of a municipality "reflects deliberate indifference to the constitutional
8  rights of its inhabitants." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)). Mr.
9  Deaton's allegations are not sufficient to state a *Monell* claim because he does not allege a policy
10 or custom, reflecting deliberate indifference to his constitutional rights, that is the cause of his
11 injury. In fact, Mr. Deaton specifically alleges that Mr. Diaz's conduct was "*against* policy." *See*
12 Dkt. No. 1 at 3 (emphasis added). Nevertheless, Mr. Deaton shall be granted leave to file an
13 amended complaint so that he has an opportunity to allege facts sufficient to state a *Monell* claim
14 against the City and County of San Francisco.

15 Lastly, it is not clear whether Mr. Deaton's allegation that he was denied a "medically
16 approved" diet or "medical diet compliant meals" is an attempt to assert a claim for inadequate
17 medical care. Like food, medical care is among the "basic human needs" to which a detainee is
18 entitled under the Fourteenth Amendment. *DeShaney,* 489 U.S. at 200; *Gordon v. County of*
19 *Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective
20 deliberate indifference standard:

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

28 *Gordon*, 888 F.3d at 1125. With regard to the third element, the defendant's conduct must be

objectively unreasonable and not merely negligent—"a test that will necessarily turn[] on the facts and circumstances of each particular case." *Id.* (citations and internal quotation marks omitted). If he chooses to file an amended complaint, Mr. Deaton may attempt to state a claim for inadequate medical care against an appropriate defendant.

## IV. CONCLUSION

After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court finds that the complaint states a Fourteenth Amendment claim against Mr. Jose Diaz for the denial of meals but fails to state a claim against Captain Quanico or the City and County of San Francisco, and fails to state a claim for inadequate medical care against any defendant. Mr. Deaton may file an amended complaint to attempt to correct these deficiencies. An amended complaint must be filed no later than **December 16, 2024**. The amended complaint must include the caption and civil case number used in this order, Case No. 24-cv-4328-VKD, and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Mr. Deaton must answer all the questions on the form in order for the action to proceed.

Mr. Deaton is advised that the amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Mr. Deaton fails to file an amended complaint in time, or if the amended complaint fails to cure all defects described above, the Court may issue an order reassigning the case to a district judge with a recommendation that any deficient claims be dismissed.

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order to Mr. Deaton.

///

///

///

///

**IT IS SO ORDERED.**

Dated:

Virginia K. DeMarchi
United States Magistrate Judge